UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELMOTEC STATOMAT, INC., et.al.,         No. 07-13884

       Plaintiffs,              District Judge John Corbett O'Meara

v.                               Magistrate Judge R. Steven Whalen

VISTEON CORPORATION,

       Defendant.

_____/

**ORDER DENYING MOTION TO INTERVENE**

Before the Court is a handwritten, self-styled "motion for reconsideration and
clarification" and "motion to intervene as plaintiffs" [Docket #55], filed *pro se* by non-
parties Joseph J. Cantamessa, Jonathan Lee Riches and Steven Frangipani. Mr. Riches
appears to be a prison inmate in South Carolina. In the motion, these individuals seek to
intervene under Fed.R.Civ.P. 24, stating that they "have a[n] interest in this case to
support Elmotec's claims.  Intervenors have information and newly discovered evidence
on this case.  Intervenors are security and reporters."

Rule 24(a) provides for intervention by right.  "[T]o intervene as of right under
Rule 24(a)(2), a proposed intervenor must establish the following four elements: (1) the
motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest
in the subject matter of the case; (3) the proposed intervenor's ability to protect that
interest may be impaired in the absence of intervention; and (4) the parties already before
the court may not adequately represent the proposed intervenor's interest." *United States
v. Michigan,* 424 F.3d 438, 443 (6th Cir.2005).

Rule 24(b) provides for permissive intervention where the intervenor "(A) is given

-1-

a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."

The three putative interveners in this case merely state in conclusory fashion that they "have an interest in this case to support Elmotec's claims." They do not explain what this interest is, how the absence of intervention will impair their interest, or how the parties to this case will be unable to adequately represent their proposed interest. They have therefore not met their burden of showing an entitlement to intervention by right under Rule 24(a). Nor do they set forth any claim or defense they might have that would permit intervention under Rule 24(b). Their statement that they are "security and reporters" is without meaning.

At most, these individuals seem to claim that they have some information that is relevant to the case, not that they have any interest themselves in the subject matter of the lawsuit or its outcome. This would make them witnesses, not interveners. The Court will leave it to the parties as to whether they wish to pursue information from these sources.

Finally, the Court is mystified as to why this pleading is also titled "motion for reconsideration and clarification." Reconsideration and clarification of what? Like the rest of the motion, this makes no sense.

Therefore, the "Motion for Reconsideration and Clarification" and "Motion to Intervene" [Docket #55] is DENIED.

SO ORDERED.


S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: September 30, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 30, 2008.


S/G. Wilson
Judicial Assistant